UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CF TRAVERSE LLC,

    Plaintiff,

v.

AMPRIUS, INC.,

    Defendant.

Case No. 20-cv-00484-RS (JCS)

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 73

The parties filed a joint letter raising a discovery dispute on August 7, 2020. *See* Joint Letter (dkt. 74). Plaintiff CF Traverse LLC filed an administrative motion to file the joint letter under seal, based on portions of Defendant Amprius, Inc.'s section of the joint letter that Amprius had designated as confidential. Sealing Mot. (dkt. 73). In particular, CF Traverse moves to seal the following two passages of Amprius's section of the joint letter:

> (1) the Thl-5000 batteries were sold only to a Chinese mobile phone company called THL鸿嘉源 by Nanjing Amprius Limited; (2) Nanjing Amprius Limited was a subsidiary of Amprius located in China that dissolved in July of 2018 and no longer exists; and (3) the manufacturing and sales of the Thl 5000 batteries occurred only in China from 2014 to ***March 2015***, with the total sales of about $600,000. Also, attached to Mr. Deihl's declaration was financial data that shows the sales activities of Thl-5000 by Nanjing Amprius.
>
> [. . .]
>
> Amprius repeatedly made clear to Traverse that Amprius has two manufacturing subsidiaries: (1) Amprius Technologies, Inc. ("Amprius US") in Fremont, California; and (2) Amprius (Wuxi) Co., Ltd. ("Amprius Wuxi") located in Wuxi, China. Amprius US develops, manufactures, and sells high energy density lithium-ion batteries based on high capacity silicon ***nanowire anodes***, which are primarily used by the U.S. military and the aerospace industry. . . . Amprius Wuxi develops, manufactures, and sells batteries using different technology based on conventional anodes—which does not involve any nanowire anodes—sold to customers in China.

Dkt. 73-4 at 4–5.

Amprius filed a declaration by its outside counsel Ty Callahan on August 10, 2020 asserting that the information sought to be sealed is "Amprius's and its subsidiary's internal product development and internal financial information that is not publicly available," and that it should remain under seal for the following reasons:

> Amprius has invested significant financial resources in the development of its products. Amprius treats the information identified above as highly confidential within its own business, and it is provided with a high level of protection and security within Amprius. Amprius and its subsidiaries develop and manufacture different products within the U.S. and abroad, including for use by the U.S. military and aerospace industry, and disclosure of confidential, internal business information about its products could lead to irreparable harm to Amprius's and its subsidiaries' businesses. Should this information be publicly disclosed, Amprius would also suffer both competitive and economic harm.

Callahan Decl. (dkt. 76) ¶¶ 3–4.

As a starting point, the procedure that the parties have employed to raise Amprius's claim of confidentiality is a questionable application of this Court's local rules. Local Rule 79-5(e) allows a party to seek sealing based on opponent's designation of confidentiality under a protective order, and permits the opponent to file a declaration stating reasons for sealing within four days after the motion is filed, as an exception to the general procedure of Local Rule 79-(d), which requires a party to file a declaration supporting sealing at the same time as its motion to seal. Civ. L.R. 79-5(d), (e). The exception is necessary to account for the filing party's potential lack of knowledge or interest in its opponent's reasons for sealing. Here, the material sought to be sealed is in *Amprius*'s portion of a *joint* letter submitted by both parties. There is no reason Amprius could not have filed the motion to seal under Local Rule 79-5(d), supported by a declaration stating reasons for sealing, at the same time the joint letter was filed.

Regardless of that procedural issue, under either the generally-applicable "compelling reasons" standard or the more relaxed standard of "good cause" for documents submitted with motions only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 908 F.3d 1092, 1101 (9th Cir. 2016),[1] Amprius has not met its burden to overcome the

---

[1] Earlier Ninth Circuit decisions had applied the "good cause" standard only to documents *attached to* non-dispositive motions. *See, e.g.*, *Kamana v. City & Cty. of Honolulu*, 447 F.3d

2

presumption of public access to judicial proceedings and seal the material at issue. Callahan's declaration does not indicate that Amprius's corporate structure or the locations of its subsidiaries are sensitive information that must be sealed, and acknowledges publicly that Amprius sells products "for use by the U.S. military and aerospace industry." Callahan Decl. ¶ 4. The only information about product design contained in the material sought to be sealed is that some of Amprius's batteries contain silicon nanowire anodes, which Callahan does not specifically assert is confidential, and which appears prominently on the front page of Amprius's public website at www.amprius.com. The only financial information concerns sales more than five years ago, by a subsidiary of Amprius that has not existed for more than two years, of a product that Amprius no longer sells. Callahan's declaration does not explain what harm, if any, would come from such disclosure.

The motion to file under seal is therefore DENIED, and Amprius is ORDERED to file an unredacted public version of the discovery letter no later than August 19, 2020. *See* Civ. L.R. 79-5(f)(2).

**IT IS SO ORDERED.**

Dated: August 12, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judg

---

1172, 1179 (9th Cir. 2006) (discussing "'an exception to the presumption of access' to judicial records . . . for a '*sealed discovery document* [attached] to a *non-dispositive* motion'" (citation omitted; brackets in original)). The more recent decision in *Center for Auto Safety*, which shifted the focus from whether a motion is "dispositive" to whether it is "more than tangentially related to the merits of a case," could be read as bringing "tangential" motions themselves, in addition to the discovery documents attached thereto, within the "good cause" exception. *See Ctr. for Auto Safety*, 809 F.3d at 1101 ("[W]e make clear that public access to filed *motions* and their attachments . . . will turn on whether the motion is more than tangentially related to the merits of a case." (emphasis added)). The Court need not decide that issue here, because Amprius has not satisfied either standard.

3